**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARCO PONCE and** | § | |
| **LIZ KARELY PONCE** *aka* **LIZ KARELY** | § | |
| **MONTERRUBIO,** | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 7:23-cv-00247 |
| | § | |
| v. | § | |
| | § | |
| **PENNYMAC LOAN SERVICES, LLC,** | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. Section 1446(a), Defendant PennyMac Loan Services, LLC ("PennyMac" or "Defendant") files this notice of the removal of this action from the 206th Judicial District Court for Hidalgo County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity jurisdiction. Defendants respectfully show as follows:

**INTRODUCTION**

1.  On or about July 27, 2023, Plaintiffs Marco Ponce and Liz Karely Ponce aka Liz Karely Monterrubio ("Plaintiffs") filed suit under Cause No. C-3014-23-D in the 206th Judicial District Court for Hidalgo County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**. Plaintiffs filed their *Plaintiffs' Original Petition and Application for Temporary Restraining Order* (the "Petition") on July 27, 2023. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of **Exhibit B**.

2.  The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiffs' alleged real property and improvements located at located at 2917 Colorado Ave.,

McAllen, Texas 78504 (the "Property"). In the Petition, Plaintiffs generally allege that Defendant represented that the Property would not be foreclosed on if the loan was brought current or paid off before the date of foreclosure. (*See* Petition ¶ 16.) For this alleged wrong, Plaintiffs assert a cause of action for common law fraud and seek injunctive relief against Defendant, damages, and attorney's fees. (*Id.* at Prayer.)

3. This Notice of Removal is timely in accordance with 28 U.S.C. Section 1446(b) as less than thirty (30) days have passed since Plaintiffs filed their State Court Action, making the action removeable.

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY

**A.    There is complete diversity.**

**1. The parties are diverse.**

5. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between the proper parties and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

6. Plaintiffs are both citizens of Texas. (*See* Petition ¶ 3).

7. PennyMac is a limited liability company, whose citizenship, for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008). An LLC is a citizen of every state in which its members are citizens. *Id.* PennyMac is 100% owned by its sole member, Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company. PNMAC is approximately 32.5% owned by PNMAC Holdings, Inc. ("Holdings"), a Delaware

corporation with a principal place of business located in Westlake Village, California, and approximately 67.5% owned by PennyMac Financial Services, Inc. ("PFSI"), a publicly held Delaware corporation with a principal place of business located in Westlake Village, California. As corporations, Holdings and PFSI are each citizens of the states where they are incorporated and where they have their principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Holdings and PFSI are, accordingly, each citizens of California and Delaware. Therefore, for purposes of diversity jurisdiction, PennyMac is a citizen of Delaware and California. *See Harvey*, 542 F.3d at 1080.

**B.      The amount in controversy exceeds $75,000.00.**

8.      The amount in controversy exceeds the sum or value of $75,000.00. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed)

9.      In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be

protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

10. Plaintiffs seek to enjoin PennyMac from foreclosing on the lien on the Property. (*See* Exhibits B-1, B-2.). As a result, Plaintiffs put the amount in controversy equal to the value of the Property. The Hidalgo County Appraisal District values the Property at $238,655.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

11. Defendant categorically denies that Plaintiffs are entitled to the relief requested, but there can be no question that Plaintiffs' Petition places an amount in controversy that significantly exceeds $75,000.00.

## VENUE

12. Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 206th Judicial District Court for Hidalgo County, Texas, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 206th Judicial District Court for Hidalgo County, Texas.

14. The contents of **Exhibit B** constitute the entire file of Cause No. C-3014-23-D in

the 206th Judicial District Court for Hidalgo County, Texas.

## CONCLUSION

For the reasons described above, Defendant PennyMac respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**RACHAEL SWERNOFSKY**
Of Counsel
Texas Bar No. 24097169
Southern District Bar No. 3195149
rswernofsky@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

For Plaintiffs Marco Ponce and Liz Karely Ponce *aka* Liz Karely Monterrubio

Fabian Guerrero
Texas Bar No. 00795397
fabianlaw@sbcglobal.net
fabianlaw96@gmail.com

Law Office of Fabian Guerrero
3900 West Expressway 83
McAllen, Texas 78501
Telephone: (956) 627-4878
Facsimile: (956) 322-8213

For Defendant PennyMac Loan Services, LLC

Mark D. Cronenwett
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

Rachael Swernofsky
Texas Bar No. 24097169
Southern District Bar No. 3195149
rswernofsky@mwzmlaw.com

Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

## **INDEX OF DOCUMENTS ATTACHED**

Exhibit A  Copy of the Docket Sheet for Cause No. C-3014-23-D in the 206th Judicial District Court for Hidalgo County, Texas;

Exhibit B  Pleadings in Cause No. Cause No. C-3014-23-D in the 206th Judicial District Court for Hidalgo County, Texas;

    B-1  Plaintiffs' Original Petition and Application for Temporary Restraining Order, July 27, 2023;

    B-2  Temporary Restraining Order, July 27, 2023;

    B-3  Notice of Appearance and Attached Affidavits, August 1, 2023;

    B-4  Temporary Restraining Order, signed, August 1, 2023;

    B-5  Receipt TRO Bond, August 1, 2023;

    B-6  Receipt, August 1, 2023; and

    B-7  TRO/NSC Issued, August 1, 2023.

Exhibit C  Declaration of Mark D. Cronenwett; and

    C-1  Print out from the Hidalgo County, Texas Central Appraisal District web-site on August 1, 2023

## CERTIFICATE OF SERVCE

The undersigned certifies that on August 2, 2023, a true and correct copy of the foregoing document was delivered via United States mail, postage prepaid, to the following counsel of record:

Fabian Guerrero
Law Office of Fabian Guerrero
3900 West Expressway 83
McAllen, Texas 78501

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**